J. E. THOMPSON, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed May 9, 1924.

This case was decided by Division B.

A defendant charged with unlawfully having and maintaining a gambling table has a right to submit evidence showing his connection with the table and the house or room where same is operated, and the exclusion of such evidence is reversible error.

A Writ of Error to the Circuit Court for Volusia County; J. J. Dickinson, Judge.

Judgment reversed.

*Scarlett & Jordan* and *Fullerton & Bass,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant, for the State.

TERRELL, J.—Plaintiff in Error J. E. Thompson was indicted, tried, convicted and sentenced to eighteen months hard labor in the State Prison because he did "unlawfully have, keep, exercise and maintain a certain gambling table for the purpose of gaming and gambling."

There are twenty-six assignments of error, all of which are based on the admission or rejection of testimony. The evidence connecting Thompson with the crime charged is not at all conclusive.

It seems that a number of negroes were apprehended while indulging in a game called "skin" around a table in the back room of a restaurant at New Smyrna, Florida. Thompson was not present nor was it shown that the room where the arrest was made had been used for gaming or gambling purposes prior to such arrest.

Most of the assignments of error are grounded on rulings of the trial court, excluding evidence of Thompson or witnesses in his behalf, showing his (Thompson's) connection with the restaurant and the facts surrounding its establishment and conduct. This evidence should have gone to the jury and its exclusion deprived plaintiff in error of a material defense for which the cause must be reversed.

The judgment and sentence of the Court below is therefore reversed and a new trial awarded.

WHITFIELD, P. J., AND WEST, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.